IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENNIS HOUTZ and<br>NANCY HOUTZ | : | CIVIL ACTION |
| | : | |
| | : | No. 23-3579 |
| v. | : | |
| | : | |
| STATE FARM FIRE AND CASUALTY<br>COMPANY | : | |
| | : | |

## MEMORANDUM

**Judge Juan R. Sánchez**                                                                                           **May 23, 2024**

  Plaintiffs Dennis Houtz and Nancy Houtz bring this breach of contract and bad faith action against Defendant State Farm Fire and Casualty Company for denying their demand for an appraisal of the amount of their loss under their State Farm insurance policy. State Farm moves to dismiss the Amended Complaint for failure to state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Because the Houtzes have failed to sufficiently plead plausible breach of contract and bad faith claims, the motion to dismiss will be granted without prejudice.

**BACKGROUND**

  On July 18, 2021, a fire damaged the Houtzes' property at 753 Claire Road in Warminster, Pennsylvania. Am. Compl. ¶¶ 5-6, ECF No. 8. At the time, the Houtzes had an active insurance policy issued by State Farm which provided fire coverage for the property. *Id*. ¶ 6. After the Houtzes submitted notice of the loss, State Farm accepted the loss was covered under the Houtzes' policy. *Id.* ¶¶ 7-9. From July 2021 to March 2023, the Houtzes and State Farm negotiated the insurance claim, and State Farm issued payments under the policy. *Id.* ¶ 10. On July 13, 2023, after a dispute arose regarding the loss amount, the Houtzes demanded an appraisal of the loss amount pursuant to the policy's appraisal provision. *Id.* ¶¶ 12-14. The next day, State Farm denied the

1

appraisal request as untimely because it was not made within one year after the date of the loss, in violation of the policy's suit limitation provision. *Id.* ¶¶ 16-17; *see also id.* Ex. C at 4, ECF No. 8. The suit limitation provision, titled "Suit Against Us," states: "No action will be brought against [State Farm] unless there has been full compliance with all of the policy provisions. Any action by any party must be started within one year after the date of loss or damage." Am. Compl. ¶ 17; *see also id.* Ex. C at 4.

On August 14, 2023, the Houtzes filed a Complaint against State Farm in the Philadelphia County Court of Common Pleas. State Farm removed the case to this Court, and the Houtzes then filed an Amended Complaint for breach of contract (Count I) and bad faith (Count II). State Farm now moves to dismiss the Amended Complaint.

**STANDARD OF REVIEW**

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint "does not need detailed factual allegations" if it contains something "more than labels and conclusions." *Twombly*, 550 U.S. at 555. But the plausibility standard "require[s] a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citation omitted). "A facially plausible claim is one that permits a reasonable inference that the defendant is liable for the misconduct alleged." *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020) (citing *Iqbal*, 556 U.S. at 678). In evaluating a motion to dismiss, this Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view

2

them in the light most favorable to the non-moving party." *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989).

**DISCUSSION**

State Farm moves to dismiss both counts of the Amended Complaint. The Court first addresses Count I, which alleges State Farm breached the insurance contract by not providing coverage for the Houtzes' full loss as required under the policy and by refusing to participate in an appraisal. Am. Compl. ¶¶ 29-34. State Farm argues this claim is untimely under the policy's suit limitation provision, which "constitutes an absolute bar to the insured's claim." Def.'s Br. Supp. Mot. Dismiss 4, ECF No. 10-2.

The suit limitation provision in the Houtzes' policy is a clear and unambiguous one-year limitation on filing suits against State Farm after loss or damage occurs. *See* Am. Compl. ¶ 17; *see also id.* Ex. A at 22, ECF No. 8. One-year suit limitation provisions are valid and enforceable under Pennsylvania law. *See, e.g.*, *Long v. Farmers New Century Ins. Co.*, 267 F. Supp. 3d 530, 534 (E.D. Pa. 2017) ("The validity of the one-year limitation of suit provision in fire insurance policies has been consistently upheld by [Pennsylvania] courts."). "A policy's limitations period begins to run from the date of the occurrence of the destructive event insured against." *Id.* at 535 (citations omitted). Here, a fire occurred on the Houtzes' property on July 18, 2021. The limitations period began to run on that date. *See id.* The Houtzes then filed their Complaint on August 14, 2023—more than two years after the date of the fire. The Houtzes' breach of contract claim is thus time-barred by the policy's suit limitation provision unless State Farm has waived the provision or is estopped from relying it.

The limitations period of a suit limitation provision may be disregarded when the insurer's conduct constitutes waiver or estoppel. *Id.* at 534. "Waiver arises either by express declaration or

3

else by conduct so inconsistent with the defense that there is no reasonable ground to infer that the insurer relies on the suit limitation defense." *Id*. (citation omitted). Meanwhile, an insurer will be estopped from relying on the defense "if there is clear and convincing evidence that the insurer induced the insured to justifiably rely, to the insured's detriment, on the insurer's words or conduct reflecting a decision not to invoke the defense." *Id*. (citation omitted). When an insurer has done nothing to cause the delay of the action against it, the insurer has not waived the suit limitation defense and is not estopped from relying on it. *See, e.g.*, *id*. at 535 (concluding insurer did not waive and was not estopped from invoking the defense when the insurer did not cause the delay or lull the plaintiff into the delay).

The Houtzes have not alleged any facts suggesting State Farm waived the suit limitation defense. Instead, the Amended Complaint suggests the opposite. In its July 2023 letter denying the Houtzes' appraisal request, State Farm explicitly stated it was not waiving any limitations or provisions, and also claimed it had reminded the Houtzes of the suit limitation provision in "correspondence throughout this claim and [as] early as [its] letter dated August 12, 2021." Am. Compl. Ex. C at 4. State Farm's explicit reliance on the suit limitation provision for almost two years does not constitute waiver, and the Amended Complaint includes no allegations to the contrary.

There are also no facts pled to suggest State Farm induced the Houtzes to delay bringing this action. The Houtzes claim had they known State Farm "would take an unreasonable and unjustified position to refuse appraisal simply because they were beyond the suit limitation, suit would have been previously filed." Am. Compl. ¶ 24. Because the appraisal denial occurred long after the one-year limitation period expired, the implication is State Farm induced them to delay their appraisal request until after the one-year limitation. But the Complaint contains no factual

4

allegations to this effect. Indeed, the Houtzes allege almost no facts regarding State Farm's conduct prior to its appraisal denial, and no facts suggesting any inducement. The Houtzes only allege they "continued to negotiate the claim" and State Farm "was complying with its responsibilities." *Id*. ¶¶ 10, 26. These facts do not plausibly suggest State Farm induced the Houtzes to delay this action.

In their response in opposition, the Houtzes argue State Farm "purposefully, or even inadvertently, wait[ed] until one year ha[d] passed from the date" of the fire to deny appraisal, once State Farm "believed it was immune from suit." Pls.' Mem. Law 4, ECF No. 11. The Court is unpersuaded given the Houtzes' own allegations demonstrate the opposite. The Houtzes allege "[a] dispute rose as to the amount of the loss." Am. Compl. ¶ 11. Once the Houtzes demanded appraisal, State Farm acknowledged receipt of their demand and explicitly denied the demand under the suit limitation provision *one day later*. *Id*. ¶¶ 14-17. The Court cannot find estoppel to apply when the Houtzes have not provided any information—beyond their own conclusory allegations—on how State Farm allegedly delayed this action. Because the Houtzes have not alleged facts plausibly suggesting waiver or estoppel, the suit limitation provision is enforceable. Houtzes' breach of contract claim is thus time-barred by the provision. Accordingly, Count I will be dismissed.

State Farm also moves to dismiss Count II, a bad faith claim. In the insurance context, bad faith refers to a "frivolous or unfounded refusal" to pay policy proceeds, which "imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing)." *Polselli v. Nationwide Mut. Fire Ins. Co.*, 23 F.3d 747, 751 (3d Cir. 1994) (citation omitted). To succeed on a bad faith claim, a plaintiff "must show by clear and convincing evidence that the insurer (1) did not have a reasonable basis for denying benefits under the policy; and (2) knew or recklessly disregarded its lack of reasonable basis in denying the claim." *W.V. Realty, Inc. v. N. Ins. Co.*, 334

5

F.3d 306, 312 (3d Cir. 2003) (citation omitted). Mere negligence or bad judgment does not amount to bad faith. *Polselli*, 23 F.3d at 751 (citation omitted). To withstand a motion to dismiss, "[a] plaintiff must plead specific facts as evidence of bad faith and cannot rely on conclusory statements." *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017) (citing *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012)). Further, a plaintiff "must describe with specificity what was unfair." *Id*. (citation omitted).

The Houtzes allege State Farm "misrepresented the terms and conditions of the Policy" in bad faith when it denied their appraisal request under the suit limitation provision, because appraisal is not a "suit against" State Farm.[1] Pls.' Mem. Law 9; Am. Compl. ¶ 19. But the bad faith inquiry is not whether State Farm's explanation was correct. *See Long*, 267 F. Supp. 3d at 537. The Houtzes must sufficiently allege State Farm lacked a reasonable basis for denying the appraisal and whether it knew or recklessly disregarded its lack of reasonable basis. Tellingly, the Complaint contains no factual allegations suggesting State Farm lacked any reasonable basis for denying appraisal.

Nonetheless, in their response in opposition, the Houtzes claim "[r]elying on the Policy's suit limitation to refuse appraisal is a clear misconstruction of the Policy and evidence of bad faith," given the policy describes appraisal as a "non-judicial proceeding." Pls.' Mem. Law 9-10. The Court disagrees. First, even if the Court assumes State Farm's appraisal denial was unreasonable, the Houtzes' have not alleged any facts to show State Farm knew or recklessly disregarded its lack of reasonable basis. *See Polselli*, 23 F.3d at 751 ("[M]ere negligence or bad

---

[1] The Court notes the Complaint contains several allegations of bad faith, all "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which are not sufficient to state a valid cause of action. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

6

judgment is not bad faith." (citation omitted)). Second, the Superior Court of Pennsylvania has held that a demand for appraisal made 23 months after the date of loss was untimely where there was a one-year suit limitation provision. *See Hodges v. Pa. Millers Mut. Ins. Co.*, 673 A.2d 973, 975 (1996). Because the Houtzes demanded appraisal just under 24 months after the date of loss, it was reasonable for State Farm to deny the appraisal request due to untimeliness. *See, e.g.*, *Long*, 267 F. Supp. 3d at 537-38. Accordingly, the Houtzes have failed to sufficiently plead a bad faith claim, and Count II will also be dismissed.

Federal Rule of Civil Procedure 15(a) requires the Court to "freely give leave" to amend "when justice so requires." Because it is possible the Houtzes could plead additional facts to support breach of contract and bad faith claims, the Amended Complaint will be dismissed without prejudice.

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.