IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS HOUTZ and : <br> NANCY HOUTZ : <br> : <br> v. : <br> : <br> STATE FARM FIRE AND CASUALTY : <br> COMPANY : | CIVIL ACTION <br><br> No. 23-3579 |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                                   **October 23, 2024**

      Plaintiffs Dennis and Nancy Houtz bring breach of contract and bad faith claims against Defendant State Farm Fire and Casualty Company ("State Farm") after State Farm rejected the Houtzes' request for an appraisal following a disputed loss amount. State Farm now moves to dismiss the Houtzes' Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). Despite multiple opportunities to amend their complaint, the Houtzes have failed to sufficiently plead their claims. Accordingly, the Court grants the motion with prejudice.

**BACKGROUND**

      On July 18, 2021, Dennis and Nancy Houtzes' property—a home at 753 Claire Road Warminster, PA—was damaged in a fire. Second Amend. Compl. ¶¶ 5-6. The Houtzes were insured by State Farm at the time and provided notice to State Farm of their losses. *Id.* ¶¶ 5, 7. State Farm accepted coverage of the loss and issued the first payment to the Houtzes in August 2021 based on an estimate provided by the Houtzes' public adjuster. *Id.* ¶¶ 8-10. State Farm made additional payments in September 2021 and March 2022. *Id.* ¶¶ 12-13. Roughly one year later, in March 2023, Plaintiffs provided State Farm with an estimate for additional losses, for which State Farm issued another payment in May 2023. *Id.* ¶¶ 25-26. The May 2023 payment led to a dispute between the parties regarding the loss amount, prompting the Houtzes to seek an appraisal on July

13, 2023. *Id.* ¶¶ 27, 31. One day later, State Farm denied the appraisal request, claiming it was time-barred by the policy's suit limitation provision: "Suit Against Us. No action will be brought against *us* unless there has been full compliance with all of the policy provisions. Any action by any party must be started within one year after the date of loss or damage." *Id.* ¶¶ 34-36. The Houtzes now bring this case alleging breach of contract and bad faith claims against State Farm.

**STANDARD OF REVIEW**

A motion to dismiss tests whether a plaintiff has plead sufficient facts to plausibly entitle the plaintiff to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). In analyzing a motion to dismiss, a court must (1) determine the elements required to plead each claim, (2) identify which allegations are conclusory and therefore, may not be accepted as true, and (3) assess whether the remaining, non-conclusory allegations plausibly entitle the plaintiff to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). A complaint survives a motion to dismiss if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**DISCUSSION**

In their Second Amended Complaint, Plaintiffs Dennis and Nancy Houtz bring the same two claims they have previously pled against State Farm: breach of contract (Count I) and bad faith, in violation of 42 Pa. Const. Stat. § 8371 (Count II). Despite their amended pleadings, neither claim is sufficiently pled to survive the motion to dismiss. The Court first addresses the breach of contract claim, followed by the claim for bad faith.

The Houtzes bring a breach of contract claim for State Farm's alleged failure to pay out the full policy benefits to which Plaintiffs were entitled and for State Farm's refusal to submit the

dispute to appraisal. Plaintiffs' breach of contract claim is time-barred by the suit limitation provision, which the Court again finds to be enforceable. The claim is therefore dismissed.

Under Pennsylvania law, claims for breach of contract are governed by a four-year statute of limitations. 42 Pa. Cons. Stat. § 5525. However, parties may contract to shorter limitations periods if those periods are reasonable. *Swan Caterers, Inc. v. Nationwide Mut. Fire Ins. Co.*, Civ. No. 12-0024, 2012 WL 5508371, at *4 (E.D. Pa. Nov. 13, 2012); *Com. v. Transamerica Ins. Co.*, 341 A.2d 74, 76 (Pa. 1975) ("This Commonwealth has long recognized the validity of a policy provision limiting the time of bringing suit under its terms . . ."). One-year suit limitation provisions—such as the one at issue in this case—have repeatedly been found to be reasonable under Pennsylvania law. *See, e.g.*, *Long v. Farmers New Century Ins. Co.*, 267 F. Supp. 3d 530, 534 (E.D. Pa. 2017) ("The validity of the one-year limitation of suit provision in fire insurance policies has been consistently upheld by [Pennsylvania] courts."); *see also Prime Medica Assocs. v. Valley Forge Ins. Co.*, 970 A.2d 1149, 1156 (Pa. Super. 2009) (collecting cases). Indeed, in the context of fire insurance policies, Pennsylvania law *requires* insurers to adopt a one-year suit limitation provision. *See* 40 P.S. § 636(2). In interpreting these provisions, courts have repeatedly held that the limitations period begins to run from the date of loss. *See, e.g.*, *Long*, 267 F. Supp. at 535; *Blackwell v. Allstate Ins. Co.*, Civ No. 14–0878, 2014 WL 4375592, at *2-3 (E.D. Pa. Sept. 3, 2014); *Warren v. State Farm Fire & Cas. Co.*, Civ. No. 23-3908, 2024 WL 3201663, at *3 (E.D. Pa. June 26, 2024).

While generally enforceable, suit limitation provisions will not be enforced where the insurer's conduct constitutes waiver or estoppel, essentially indicating to the insured that the suit limitation is no longer at play. *Long*, 267 F. Supp. at 534. Waiver arises "by express declaration or else by conduct so inconsistent with the defense that there is no reasonable ground to infer that

3

the insurer relies on the suit limitation defense." *Id.* (citation omitted). Estoppel arises "if there is clear and convincing evidence that the insurer induced the insured to justifiably rely, to the insured's detriment, on the insurer's words or conduct reflecting a decision not to invoke the defense." *Id.* (citation omitted).

As set out in the Court's previous opinion, the suit limitation provision is reasonable and therefore, enforceable here. *See* ECF No. 12. Again, the Court finds that State Farm's continued adjustment of the Houtzes' claim past the one-year mark does not constitute waiver nor estoppel, especially considering that State Farm informed the Houtzes of the applicable suit limitation provision as early as August 12, 2021—one month after the date of loss. ECF No. 15-5 at 2. In their Second Amended Complaint, the Houtzes allege no new facts to indicate otherwise. They do, however, now argue the suit limitation provision should not apply because it violates the Supreme Court of Pennsylvania's ruling in *Erie Insurance Exchange v. Bristol*, which held that the limitations period for uninsured/underinsured motorist (UM/UIM) claims should begin to run at the date of breach as opposed to the date of loss. 174 A.3d 578 (Pa. 2017). In relying on *Bristol*, Plaintiffs argue the limitations period in this case should have started to run when the dispute first arose—May 11, 2023—and not when the loss occurred—July 18, 2021. ECF No. 16 at 24-25. But *Bristol* does not apply. The Supreme Court's analysis in *Bristol* was limited to the specific context of UM/UIM claims, animated by its own specific set of considerations. This Court finds no justification to extend *Bristol* to a wholly separate context: a situation in which insured homeowners are covered by a policy with an explicit suit limitation provision. This is especially true given the well-established caselaw finding that in cases like this one, the limitations period begins to run at the date of loss. Nor do the Houtzes offer the Court a compelling reason to diverge from that caselaw, even noting at oral argument that no court has yet applied *Bristol* in this context.

*See* ECF No. 21. The Court finds the suit limitation period in this case began to run at the date of loss, July 18, 2021, and because the Houtzes filed the instant suit on August 14, 2023—more than one year after the loss—their claim for breach of contract is time-barred and dismissed.

Next, the Court turns to Count II, in which the Houtzes allege State Farm acted in bad faith by refusing to send the claim to appraisal and by failing to inform the Houtzes of the impending suit limitation, in violation of the Unfair Claims Settlement Practices. Because the Houtzes do not meet the pleading standard for bad faith, Count II will also be dismissed.

Every insurance contract is governed by the well-established duty of good faith. *Berg v. Nationwide Mut. Ins. Co., Inc.*, 235 A. 3d 1223, 1232 (Pa. 2020). Relief for bad faith insurance dealings is afforded by 42 Pa. Const. Stat. § 8371, which permits a court to grant relief where the insurer has acted in bad faith.[1] To demonstrate bad faith, a claimant must meet a two-part test, showing: "(1) that the insurer had no reasonable basis for denying benefits under the policy and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis in denying the claim." *Berg*, 661 Pa. at 386 (quoting *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 377 (Pa. 2017). Bad faith also encompasses an insurer's failure to communicate with the claimant and properly investigate their claims, but not mere negligence nor bad judgment. *Nelson v. State Farm Fire & Cas. Co*, No. 23-1793, 2024 WL 1132765, at *5 (3d Cir. Mar. 15, 2024). To establish a bad faith claim, plaintiffs must put forward evidence that is "clear and convincing." *Rancosky*, 170 A.3d 364, 377 (Pa. 2017). Such evidence must be "so clear, direct, weighty and convincing as to enable a clear conviction, without hesitation about whether or not the defendants acted in bad faith." *J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.3d 356, 367 (3d Cir. 2004) (citation omitted).

---

[1] Claims for bad faith are not subject to contractual limitations periods and instead, carry their own two-year statute of limitations period. *Gold v. State Farm Fire & Cas. Co.*, 880 F. Supp. 2d 587, 594 n.6 (E.D. Pa. 2012). The Houtzes have pled within that two-year period.

In their Second Amended Complaint, the Houtzes provide a long list of actions which they argue demonstrate State Farm's bad faith. Second Amend. Compl. ¶¶ 60-64. However, the bulk of these allegations are conclusory. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (conclusory allegations will not survive a motion to dismiss). For example, nowhere do the Houtzes describe how State Farm "fail[ed] to complete a prompt and thorough investigation of Plaintiff's claim before representing that such claim is not covered under the Policy" nor how it "conduct[ed] an unfair and unreasonable investigation of Plaintiff's claim." Second Amend. Compl. ¶ 64.

The more central allegations of bad faith revolve around State Farm's rejection of the appraisal request based on the suit limitation provision and State Farm's failure to inform the Houtzes of the impending limitation. But these claims also do not entitle the Houtzes to relief. In the prior opinion, this Court found that State Farm's rejection of the appraisal request did not amount to bad faith because State Farm did not lack a reasonable basis in doing so and, even if it did, there was no showing that State Farm knew or recklessly disregarded its lack of reasonable basis. *See* ECF No. 12 at 5-7. The Houtzes allege no new facts in their Second Amended Complaint to change this analysis. The Houtzes do, however, raise a new bad faith claim against State Farm for its alleged failure to inform them of the impending suit limitation provision in violation of the Unfair Claims Settlement Practices ("UCSP"). Yet this claim also fails.

The UCSP sets forth minimum standards for settlement practices. 31 Pa. Code § 146.1. Of its many protections, the UCSP requires insurers to provide notice to unrepresented claimants of impending contractual or statutory time limits when an insurer seeks to continue settlement

6

negotiations.² Courts across this Circuit have held that while a violation of these requirements may support a claim for bad faith, a violation in of itself does not amount to bad faith *per se*. *See*, *e.g.*, *White v. Travelers Ins. Co.*, Civ. No. 20-2928, 2020 WL 7181217, at *4 (E.D. Pa. Dec. 7, 2020); *Pecko v. Allstate Ins. Co.*, Civ. No. 16-1988, 2016 WL 6614191, at *6 (E.D. Pa. Nov. 9, 2016); *Williams v. Hartford Cas. Ins. Co.*, 83 F. Supp. 2d 567, 576-77 (E.D. Pa. 2000); *Gallatin Fuels, Inc. v. Westchester Fire Ins. Co.*, 244 Fed.App'x. 424, 435 n.5 (3d Cir. 2007) (citing *Romano v. Nationwide Mut. Fire Ins. Co.*, 646 A.2d 1128, 1233 (Pa. Super. 1994)); *Dinner v. U.S. Auto. Ass'n Cas. Ins. Co.*, 29 F. App'x 823, 827 (3d Cir. 2002).

Setting aside that a UCSP violation alone is not enough to show bad faith, the provision the Houtzes rely upon is also not applicable. First, the provision only applies where insurers seek to "continue negotiations for settlement of a claim," but there is no indication that State Farm sought to continue negotiations with the Houtzes. Two time periods are relevant to this dispute: (1) August 2021 to roughly March 2022³ and (2) March 2023 onward. From August 2021 to roughly March 2022, the parties were in the process of adjusting the Houtzes' claim. *See* Second Amend. Compl. ¶¶ 10-13. The Houtzes did not then reenter into communications with State Farm until approximately March 2023, once the suit limitation had already run. *Id.* ¶ 25. The Houtzes allege no facts to suggest that settlement negotiations were ongoing past March/April 2022, nor that State Farm sought to continue them. Even assuming State Farm had continued settlement

---

² The relevant provision reads: "Insurers may not continue negotiations for settlement of a claim directly with a claimant who is neither an attorney nor represented by an attorney until the rights of the claimant may be affected by a statute of limitations or a policy or contract time limit, without giving the claimant written notice that the time limit may be expiring and may affect the rights of the claimant. The notice shall be given to first-party claimants 30 days, and to third-party claimants 60 days, before the date on which the time limit may expire." § 146.7(e).

³ At oral argument, Plaintiff's counsel also noted there was communication between the parties in April 2022. *See* ECF No. 21. Whether the communication between the parties ended in March 2022 or April 2022, the Court's analysis remains the same.

negotiations, the provision only applies where insurers are negotiating "directly with a claimant," whereas the Houtzes worked with a public adjuster,[4] a role not covered under the Act's definition of claimant. 31 Pa. Code § 146.2 (defining claimant as "a first-party claimant, a third-party claimant, or both, and including the claimant's attorney and a member of the claimant's immediate family designated by the claimant."); *see also Spagnolia v. Farmington Cas. Co.*, No. CV 12-2501, 2013 WL 12248093, at *5 (E.D. Pa. Apr. 30, 2013) (finding the provision did not apply where plaintiffs had retained a public adjuster); *c.f. Culbreth v. Lawrence J. Miller, Inc.*, 477 A.2d 491, 497-98 (Pa. Super. Ct. 1984) ("the public adjuster ... represents not the company but the insured"). The invocation of the UCSP is unavailing and as a result, the Court also dismisses the Houtzes' claim for bad faith.

**CONCLUSION**

Despite multiple opportunities to amend their Complaint, the Houtzes have failed to meet the pleading standard for both their breach of contract and bad faith claims. Accordingly, the Court dismisses both claims with prejudice.

An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[4] *See id.* ¶ 10; ECF No. 14-3 at 2-5. At oral argument, Plaintiff's counsel clarified that the Houtzes worked with a public adjuster throughout the adjustment process, confirming the Court's understanding of the pleadings. *See* ECF No. 21.